March 22, 1808, then received of James Mealor a tobacco note, inspected at Petersburg, weight 1,415 pounds net, which I am to sell at Petersburg or elsewhere, for the best price I can get for it; and the money to be placed to the credit of John Cheeks, executor of James Mealor, obtained 9 January, 1808, and I, the said Benjamin Kimble, am to retain to myself what Thomas Mordy owes me out of this money.
BENJAMIN KIMBLE.
This was proved to be in the handwriting of the defendant. In August, 1808, the defendant sold the tobacco note to Dudley Clanton, of the county of Warren, at the price of $4 per hundredweight and on 25 December afterwards received the money of Clanton, the tobacco being sold upon a short credit. The plaintiff produced upon the trial an account in the (273) handwriting of the defendant and in the following words:
1808. BENJAMIN KIMBLE, Dr. to JAMES MEALOR.
To balance of Hogshead of Tobacco, weighing 1,415 lbs. net, from 19s. to 24s. *Page 195 
Some time in the month of May, 1808, after defendant returned from Petersburg, upon being asked whether he had sold Mealor's tobacco, if he had, at what price, he answered that he had sold it at 19s. per cwt. It was admitted that the defendant had paid to Mealor's use the amount of the tobacco specified in the receipt at 19s. per cwt.
On the part of the defendant the deposition of Gideon Johnston, of Petersburg, was read in evidence, which set forth that on 1 April, 1808, Benjamin Kimble, the defendant, came to his store in Petersburg, and was asked by him if he had sold the hogshead of tobacco which his negro had brought down some time before, and which was inspected at Cedar Point Warehouse. Kimble answered, no, but he wished to sell it. Deponent offered him 20s. per cwt. After some minutes he agreed the deponent should have the tobacco at 20s. per cwt., which he paid him. Kimble then offered to sell to him a hogshead of tobacco, which he said belonged to his neighbor. The deponent refused to purchase, because he did not know the quality. Kimble observed that he should be glad to get the same price for his neighbor's tobacco that he had gotten for his own. The deponent answered that he did not wish to purchase the tobacco, as he had not seen it; but advised him to apply to a man in town, who was buying upon the face of the note. Kimble went off, and returned without success. The deponent then proposed to purchase from him another hogshead of tobacco, which he had in town, and which he had seen on that day, and offered Kimble 19s. per cwt. for it. Kimble at first refused, saying that he would hold up that hogshead for a better price; but after some conversation Kimble agreed to sell it and take (274) 19s. per cwt., saying he would keep his neighbor's tobacco for himself, and his would sell for the best price. The price of tobacco was 18s. per cwt., and the deponent did not purchase any other tobacco from Kimble that year. It was further proved that Clanton sold the tobacco note which he purchased from Kimble for 24s. per cwt.
Upon the foregoing facts the plaintiff insisted that he was entitled to a verdict for the difference between 19s. and 24s. for 1,415 pounds of tobacco; but the jury under the charge of the court gave their verdict for the defendant. A rule for a new trial was obtained, and sent to this Court.
From this case it is evident that the defendant acted as agent or trustee for the plaintiff; and that it was the understanding of the parties he was to have nothing for his trouble. It is equally clear that the agent accounted for the *Page 196 
tobacco at 19s. (under pretense of having sold for that price) and afterwards sold for 24s., by which he gained 5s. in each hundredweight.
But it is attempted to be inferred from the statement that the defendant was unable to sell the plaintiff's tobacco for so much as 19s. and, with a view of obliging him, substituted one of his own hogsheads that would command that price. Without inquiring whether there be sufficient evidence of fraud in the conduct of the defendant to overrule the verdict, we are of opinion that it is not in the power of an agent to become a purchaser himself, without leaving it also in the power of his principal to put an end to the sale. 2 Brown Ch., 400, 430; 5 Vesey, Jr., 680. In the present case the plaintiff has elected not to be bound by the exchange of the tobacco which the defendant in his representative character thought fit to (275) make with himself, and calls upon him to account for the full amount, and no more, of the tobacco he was entrusted to sell, and which he has sold; and this he is entitled to by law. The rule for a new trial must therefore be made absolute.